[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant, Jose Gonzalez, appeals from a decision of the Defiance County Court of Common Pleas classifying him as a sexual predator.
On June 6, 1997, the Defiance County Grand Jury returned an indictment charging defendant with eight counts each of rape and gross sexual imposition. Plea negotiations followed and the State agreed to dismiss the original indictment in exchange for defendant's guilty plea to a bill of information charging defendant with five counts of corruption of a minor, third degree felonies, and one count of sexual battery, also a third degree felony. All five counts of corruption of a minor were committed prior to the January 1, 1997 effective date of Ohio's sexual predator law. However, count six of sexual battery involving the same victim, the defendant's step-daughter, occurred between January 1, 1997 and April 1, 1997, clearly on or after the effective date of the statute. Defendant's plea was entered on the record at the September 24, 1997 hearing, accepted by the court, and defendant was found guilty.
Defendant was thereafter sentenced on October 29, 1997. At the sentencing hearing, the trial court addressed the sexual predator issue and determined that defendant should be classified as a sexual predator. According to the trial judge's remarks at that hearing, the judge made this determination because the sexual battery offense was committed after the effective date of Ohio's sexual predator law. Defendant now appeals from the trial court's determination and raises the following two assignments of error:
 The trial court erred in making a finding that defendant was a sexual predator.
 Section 2950.09(B)(1) as applied to conduct of this defendant prior to the effective date of such statute is unconstitutional because it is a retroactive application of a legislative enactment.
These assignments of error will be addressed in reverse order. In his second assignment of error, defendant contends that R.C. 2950.09(B)(1) is unconstitutional because of being retroactive as applied to offenses committed prior to the effective date of the statute. The defendant's brief argument relies upon our recent decision in State v. Cook (Aug. 7, 1997), Allen App. No. 1-97-21, unreported.
In Cook, the defendant was convicted of a sexually oriented offense committed prior to the effective date of R.C. 2950.09. Our holding in Cook was that to the extent the new law imposes additional duties and attaches new disabilities to past transactions, it is retroactive and violates the Ohio Constitution. Cook specifically noted that the purpose of the constitutional prohibition against retroactive laws, as set forth in Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100,106, is to prevent the General Assembly from imposing new obligations, new duties or attaching new disabilities upon a person's past conduct. Therefore, we held that as applied to Cook, R.C. 2950.09 was a retroactive application of a legislative enactment and Cook could not be required to register as a sexual predator.
The situation in this case is not analogous to that in Cook. Rather, the record clearly shows that defendant pled guilty to sexual battery, a "sexually oriented offense" which occurred on or after R.C. 2950.09 was enacted. The trial court then determined under the statute whether defendant was, or was not, a sexual predator. As applied to this defendant, the new statute imposes no additional duties or attaches no new disabilities to "past" violations. The defendant's prior offenses come about only as a relevant factor to the present sexual predator determination which occurs as a result of the offense committed after the effective date of the statute. R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." To this end, a trier of fact can look at past behavior as well as towards the offender's propensity to engage in future behavior, since past behavior is often an important indicator of future propensity.State v. Ferguson (Mar. 31, 1998), Franklin App. No. 97APA06-858, unreported; see R.C. 2950.09(B)(2); see, also, Allen v. Illinois
(1986), 478 U.S. 364, 371 ("[A]ntecedent [criminal] conduct is received not to punish past misdeeds, but primarily to show the accused's mental condition and to predict future behavior.") Accordingly, defendant's second assignment of error is overruled.
We now address defendant's first assignment of error which alleges that the trial court has incorrectly applied the statutory factors set forth in R.C. 2950.09(B)(2) in determining that defendant is a sexual predator. Defendant further argues that the trial court's determination was improperly based upon hearsay evidence including defendant's criminal record, his statement given during the presentence investigation, and the prosecutor's statements during the hearing as to the victim's version of the facts surrounding the defendant's offenses.
As provided in R.C. 2950.09(B)(1), the hearing to determine if the offender is a sexual predator may be held as part of the sentencing hearing if the sexual offense of which the offender is convicted is a felony. Both the prosecutor and the offender have the right to testify, present evidence, present witnesses, including expert witnesses, and to cross-examine witnesses. R.C.2950.09(B)(1). After reviewing all of the factors set forth in R.C. 2950.09(B)(2)[1] and any other relevant factor, the trial court must determine, by clear and convincing evidence, whether the offender is a sexual predator. R.C. 2950.09(B)(3).
In reviewing the Ohio cases involving the application of R.C.2950.09, the Twelfth District Court of Appeals found that hearsay evidence has routinely been allowed during classification hearings. See State v. Warner (Apr. 20, 1998), Butler App. No. CA97-03-064, unreported. We note, however, that we held in Cook,supra, that a trial court's determination that an offender is a sexual predator must be supported by clear and convincing evidence on the record. After we found that the trial court's determination in that case was based entirely upon a presentence report, which was hearsay evidence and not entered into the record, we concluded that the record was devoid of any evidence supporting the court's determination.
In making a determination in this case that defendant was a sexual predator, we note the trial court stated at the sentencing hearing as follows:
 I find that the relevant factors including the fact that he now has six separate sex offenses for which he is convicted, which is a relevant consideration; that the victim was a family member and household member and [defendant] used the position of trust and authority.
It is obvious that the trial court's determination was based upon the existing fact in this case that defendant was sentenced at the hearing to numerous sexually oriented offenses for which defendant had pled guilty. The record indicates that those offenses involved prior sexual contact with the victim, his stepdaughter, over a four-year period beginning when she was thirteen years old. As stated previously, the ultimate determination to be made by the trial court is whether the defendant "is likely to engage in the future in one or more sexually oriented offenses." See R.C.2950.01(E) and R.C. 2950.09(B)(2). Division (h) of R.C.2950.09(B)(2) specifically provides that the trial court shall consider the factor of "whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse[.]" Based upon the foregoing, we conclude that this information alone is sufficient evidence from which the trial court could find by clear and convincing evidence that defendant was a sexual predator. Furthermore, we note that the record shows that the trial judge read the defendant's written statement into the record and allowed defendant to speak about it. According to the judge's remarks at the hearing, the trial court concluded from defendant's denial of wrongdoing that he was likely to commit future sexual offenses. In short, defendant never objected to the admission of the prosecutor's statement and the record contains other clear and convincing evidence from which the trial court could conclude that defendant was a sexual predator. As a result, defendant has not demonstrated that he was prejudiced by the admission of these statements.
Accordingly, defendant's first assignment of error is overruled and the trial court's decision classifying defendant as a sexual predator is affirmed.
Judgment affirmed.
 HADLEY and EVANS, JJ., concur.
[1] The factors to be considered under R.C.2950.09(B)(2)(a-j) include: the offender's age, the offender's prior criminal record, the age of the victim, whether the offense involved multiple victims, whether the offender used drugs or alcohol to impair the victim, participation in available programs for sex offenders, any mental illness or disability of the offender, the nature of the offender's conduct and whether the sexual conduct was part of a demonstrated pattern of abuse, whether the offender displayed cruelty while committing the offense, and any additional behavioral characteristics that contribute to the offender's conduct.